CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
AUG 0 6 2020
PER _____ MW
DEPUTY CLERK

James E. Murphy # 33909-037
**Full Name of Plaintiff**    **Inmate Number**

v.

Dr. Mace-leibson
**Name of Defendant 1**

Provider M. Swoboski
**Name of Defendant 2**

Unknown Medical Director
**Name of Defendant 3**

Unknown Regional Medical Director
**Name of Defendant 4**

_____
**Name of Defendant 5**

(Print the names of all defendants. If the names of all defendants do not fit in this space, you may attach additional pages. Do not include addresses in this section).

Civil No. _____
(to be filled in by the Clerk's Office)

[X] Demand for Jury Trial
[X] No Jury Trial Demand

## I.   NATURE OF COMPLAINT

Indicate below the federal legal basis for your claim, if known.

[ ] Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

[X] Civil Rights Action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) (federal defendants)

[X] Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the United States

II. **ADDRESSES AND INFORMATION**

A. **PLAINTIFF**

Murphy James E.
Name (Last, First, MI)

# 33909-037
Inmate Number

F.C.I Schuylkill
Place of Confinement

P.O. Box 759 . minersville, PA 17954
Address

City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☒ Convicted and sentenced federal prisoner

B. **DEFENDANT(S)**

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption. If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

Gibson - Mace
Name (Last, First)

clinical medical provider
Current Job Title

P.O. Box 700
Current Work Address

minersville, PA 17954
City, County, State, Zip Code

Defendant 2:

Name (Last, First): Swoboski, M

Current Job Title: Medical Provider

Current Work Address: P.O. Box 700

City, County, State, Zip Code: Minersville, PA 17954

Defendant 3:

Name (Last, First): Unknown Medical Director

Current Job Title: P.O. Box 700

Current Work Address: Medical Director

City, County, State, Zip Code: Minersville, PA 17954

Defendant 4:

Name (Last, First): Unknown Regional Medical Director

Current Job Title: Medical Director

Current Work Address: Federal Bureau of Prisons Second and Chestnut St

City, County, State, Zip Code: Philadelphia, PA 19106

Defendant 5:

Name (Last, First):

Current Job Title:

Current Work Address:

City, County, State, Zip Code:

## III. STATEMENT OF FACTS

State only the facts of your claim below. Include all the facts you consider important. Attach additional pages if needed.

A. Describe where and when the events giving rise to your claim(s) arose.

*see: Attached Incorporated Complaint, And Statement of Facts*

B. On what date did the events giving rise to your claim(s) occur?

*see: Attached Complaint*

C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?)

*see: Attached Complaint*

## IV. LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

see: Attached complaint.

## V. INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.   see: Attached complaint

## VI. RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.   see: Attached complaint

## VII.   SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

_James Murphy_
Signature of Plaintiff

_August 3rd 2020_
Date

# In the United States District Court for the Middle District of Pennsylvania

| | |
|---|---|
| James E. Murphy<br>Plaintiff,<br><br>v.<br><br>Dr. Mace-Leibson, Provider M. Swoboski, unknown medical director, and Regional medical director.<br><br>Defendants, | Civil Action: _____<br><br>(Jury Trial demand)<br>(Bivens civil action / Tort claim) |

## Complaint with Jury demand

### Introduction

This is a civil rights action filed by James E. Murphy for damages and Injunctive Relief under 42 U.S.C 1983, and 28 U.S.C 1346(b), 2671-80, Alleging claims of deliberate indifference by way of cruel, and unusual punishment in violation of the 8th amendment by failure to afford proper, Adequate, and Reasonable medical treatment under Bivens v. Six unknown named agents of Federal Bureau of Narcotics, 403 U.S. 388, 392-97, 91 S.Ct. 1999 (1971); and state law torts Against defendants for claims of physical, and legal injury Plaintiff Alleges violations of Pennsylvania Tort law which are governed by Commonwealth precedent

### Jurisdiction

1. The Court has Jurisdiction over the plaintiff's claims of violation of Federal Constitutional Rights under 42 USC 1331(2) and 1343.

2. This court has jurisdiction over the Plaintiff's claims of violation of the Federal Tort Claims Act under 28 USC 1346, 2671-80.

## Parties

3. The plaintiff, James Murphy was incarcerated at F.C.I schuylkill in minersville, PA (F.C.I schuylkill) during the events described in this complaint.

4. Defendant, Mace-leiboon is medical clinical Provider employed as a medical staff at F.C.I schuylkill. Dr. Mace is being sued in the individual capacity.

5. Defendant, M. Swoboski medical Provider is employed as a medical provider at F.C.I schuylkill. Provider M. Swoboski is being sued in the individual capacity.

6. Defendant, unknown medical director is employed by Federal Bureau of Prisons. Defendant unknown medical director is being sued in the individual capacity.

7. Defendant, Regional director is employed as a Regional director for the Federal bureau of Prisons. Defendant Regional director is being sued in the individual capacity.

## Facts

8. Plaintiff, arrived at F.C.I schuylkill approximately 09/06/2017 from U.S.P Hazelton on what he believed to be Nortriptyline HCI 25 mg cap that was discontinued by Dr. Mace-leiboon, however Dr. Mace-~~~~leiboon ordered a new prescription of pain medication 09/06/2017 25 (mg) of Amitriptyline.

9. Plaintiff, avers that approximately 09/13/2017 he was summoned to medical by defendant Dr. Mace-Leibson wherein she informed Plaintiff that he gained too much weight presumably from being on the Nortriptyline, and discontinued the new medication (Amitriptyline) that was subsequently prescribed 09/06/2017.

          Deliberate indifference by discontinuing necessary pain medication

10. Plaintiff, arrived at F.C.I Schuylkill approximately 09/06/2017 on prescribed pain medication (Nortriptyline 25mg) from U.S.P Hazelton. Plaintiff has a history of chronic neck, back, and spinal pain that became debilitating approximately Feb 29, 2016.

11. Plaintiff, was treated at U.S.P Hazelton between 12/15/2016 through 09/06/2017 for chronic neck, back, spinal and muscle pain with the following medications; (1) prednisone 20 mg tab, start 10/31/16 Exp 11/12/16; (2) prednisone 20 mg tab, start 03/28/2016 Exp: 04/09/2016; (3) methylprednisolone acetate 80 mg/mL, 1 mL inj, start 04/08/2016 exp 04/08/2016; (4) Ibuprofen 800 mg tab, start 12/09/2016 Exp. 06/07/2017

12. Ibuprofen 800 mg tab, start 10/31/2016, Exp. 04/29/2017, D/C: 12/09/2016 Duloxetine HCi Delayed Rel (60 mg cap), start: 12/09/2016, Exp: 06/07/2017 D/C: 06/01/2017. Nortriptyline HCi 25 mg cap (25 mG), start: 06/01/2017, Exp: 11/28/2017 D/C: 09/05/2017

13. Plaintiff, was prescribed successive orders of the same medication thus for the purposes of judicial economy plaintiff did not repeat the successive prescriptions, but did provide the brand.

14. Plaintiff, avers that despite him informing defendant Mace-leibson on 09/13/2017 that he was experiencing painful clicking, and popping sensation of the cervical, thorascic, and lumber spine Dr. Mace-leibson discontinued plaintiff's necessary pain medication simply claiming plaintiff was gaining too much weight.

15. Plaintiff, avers that defendant Mace-leibson did not question him about the recent painful clicking, and popping, however plaintiff was still experiencing severe neck, thorascic, and lumber pain when defendant Mace-leibson discontinued the much needed pain medication.

16. Plaintiff, avers that between the dates of 09/13/2017 through 06/27/2018 that he went to emergency sick call approximately twenty five times complaining about extreme, debilitating neck, back, and spinal pain, muscle spasms severe pain disrupting his sleep at night, and constant pressure, stiffness, and potential joint erosion, sciatic nerve pain.

17. Plaintiff, avers that he brought all the over the counter pain medication recommended, and committed to all the informal therapy recommended, however none of these directives worked prompting plaintiff to attend emergency sick call for clinical medication.

18. Plaintiff, avers that he languished in severe, extreme, and debilitating pain between the months of 09/13/2017 through 06/27/208 approximately ten months. Plaintiff, avers that approximately 06/13/2018 he filed a professional misconduct complaint for defendant Mace-leibson's deprivation of his necessary medication that was stamped recieved June 18, 2018 by Federal bureau of Prisons Regional Counsel. Plaintiff believes this complaint prompted medical staff specifically Provider M. Swoboski, and Mace-leibson to represcribe a different medication (Duloxetine (60 mG)) 06/27/2017.

19. Plaintiff, avers that defendant Mace-leibson, and Provider M. Swoboski knew that he suffered severe, extreme, and debilitating back pain as is exemplified by placing him back on pain medication 06/27/2018, and providing a Tens unit for severe back spasms. Plaintiff was also subsequently prescribed Naproxen 500mg 01/18/2019, Ibuprofen tablet 800mg 10/18/18. Plaintiff's pain medication prescriptions, and being provided a Tens unit is illustrative of evidence of a serious medical need that defendant Mace-leibson, and Provider M. Swoboski knew required clinically medical pain medication but failed, and or refused to provide

Deliberate Indifference by
Failure to address Inmates
Complaints

20. Plaintiff, avers that approximately 09/06/2017 he arrived at F.C.I Schuylkill from U.S.P Hazelton Moreover, on approximately 09/13/2017 he complained to defendant Dr. Mace-leibson about painful clicking, and popping of the cervical, thoracic, and lumbar spine.

21. Plaintiff, spine condition gradually deteriorated over the course of approximately two, and one half years, however in the beginning of the deterioration Plaintiff only experienced painful clicking, and popping, but as time progressed Plaintiff began severe stiffness of the neck joints, and now the clicking, and popping sensation has became painful with severe inflammation. Plaintiff, cervical spine joints at approximately between C3-C6 persistently seize painfully, and this activity, and or sensation happens between T8-T10, down to L3-L4. Plaintiff, experiencing clickinging in the Lumber spine when lefting his left leg that feels like there is some pressure on the joints' nerve.

22. Plaintiff, aver that defendant Mace-leibson, and M. Swoboski demonstrated deliberate indifference by failure to address deteriorating spinal conditions resulting in permanent ailment, and or injury.

Deliberate indifference
by Failure to provide chiropractic
Therapy

23. Plaintiff, aver that approximately 09/13/2017 upon arrival from U.S.P Hazelton he informed defendant Mace-leibson that the arch in his left foot collapsed while working resulting in inadvertent shifting of his pelvis, and spine resulting in severe back pain that was treated successfully with chiropratic therapy. Plaintiff, provided medical staff with the contact information of the treating chiropractor, but medical staff, and defendant Mace-leibson completely ignored this plea. Plaintiff, advised defendant Mace-leibson again 04/23/2018 of falling arch contributing to severe back problems in society.

24. The complete failure to permit, and or recommend chiropractic therapy when plaintiff advised defendants of the falling arch, back problems, and the attendant successful treatment results in deliberate indifference.

> Deliberate Indifference by denial of access to medical personnel qualified to exercise Judgment about particular medical Problem

25. Plaintiff, Avers that he informed defendant Mace-leibson, and M. Swoboski upon Arriving 09/06/2017, and initial Review 09/13/2017 that he recently started Feeling a sensation of painful clicking, and popping of the Cervical, and thorasoic spine which has extended to the lumbar spine. Plaintiff's level of Pain, and spinal dysfunction gradually deteriorated wherein he consecutively went to emergency sick call approximately twenty Five times. Plaintiff, was not successively evaluated by defendant Mace-leibson, and M. Swoboski for the painful clicking, and popping sensation of the cervical, thorasoic, and lumbar spine and the attendent pain, inability to walk without extreme pain and sudden bouts of extreme pain awaking him from sleep at night.

26. Plaintiff, Avers defendant Mace-leibson, and M. Swoboski were not qualified to exercise Judgment about Plaintiff's medical issue, and the damage or personal injury which has resulted from their omissions.

## Medical Malpractice and Negligence Tort Claim

27. Plaintiff, avers that he brings forth this medical malpractice, and negligence claim against F.C.I Schuylkill medical Dr. Mace-Leibson, and Provider M. Swoboski for the following Pennsylvania law tort injury; (1) Taking Plaintiff off his clinically prescribed medication resulting in severe, debilitating, and excruciating pain; and (2) Failure to properly test, examine, and treat deteriorating skeletal dysfunction, ordisorder by properly diagnosing ailment Resulting in deterioration of Joint function etc.

28. Plaintiff, avers that approximately April 08, 2016 while housed at U.S.P Hazelton he complained to health care provider PA Mrs. Leigh Bird about pain in left side of the neck on and off for one year, and that pain was beginning to radiate into his left lower back. Moreover, the first complaints started Feb 29th, 2016. Plaintiff, was treated with Prednisone injected with 80 mg of Depomedeol, and Ibuprofen 800 mg tab. The above described medications in addition with other unnamed medications were provided to Mr. Murphy at U.S.P Hazelton before transfering to F.C.I Schuylkill.

29. Plaintiff, avers that after arriving at F.C.I Schuylkill approximately September 06th, 2017, and being initially evaluted by defendant Mace-Leibson September 13th, 2017. During this chronic care evaluation Mr. Murphy informed Dr. Mace-Leibson that he was experiencing painful, and persistent clicking, and popping in the cervical, and lumbar left lower back area.

30. Plaintiff, avers that upon his arrival at F.C.I Schuylkill September 6th, 2017 he was prescribed Amitriptyline (25mG) that was subsequently discontinued September 13th, 2017.

31. Plaintiff was subsequently prescribed (60mG) of Duloxetine July 27th, 2018 after making a formal complaint to the Office of the Inspector General 06/13/2018, and a copy dated June 18th, 2018 from office of the Regional Counsel. Plaintiff, Murphy made approximately twenty five sick call complaints of escalating pain between the dates of September 13th, 2017 through June 27th, 2018 regarding musculoskeletal disorder of the cervical, thorascic, and lumbar spine.

32. Plaintiff, Murphy was left approximately (9) nine months without any medication despite medical conditions previously requiring treatment of various pain, and muscle medications as early as Feb. 29th, 2016. Plaintiff's conditions did not improve before defendant Mace-Leibson discontinued his pain medication prescription. Additionally, Plaintiff was prescribed (20mG) of Prednisone March 25th, 2016, and recieved Left SI Joint injection with methylprednisolone acetate injection (80mG) April 8th, 2016.

33. Plaintiff, informed medical staff, specifically Dr. Mace-Leibson, and M. Swobaski that his conditions were deteriorating by limited range of motion in neck joints, left side lumbar spine, painful clicking & popping in the whole spine, muscle spasams, pressure when lying down, stiffness in AM. Plaintiff, informed Dr. Mace, and Provider Swobaski that PA Bird in U.S.P Hazelton informed him (Plaintiff Murphy) that they (Hazelton medical staff) believed that Mr. Murphy may have Arthoeitis of the spine.

34. Plaintiff, avers that despite being treated for cervical, thorascic, and lumbar spine pain, muscle spasms, and sciatic nerve pain his previous formal complaints of failure to be properly diagnosed by F.C.I medical staff me. IAR Conners denial of my administrative remedy dated 9/4/2019 claimed that Plaintiff had a diagnosis of cervicalgia, however there was numerous issues involving musculoskeletal disorder including cervicalgia.

35. Plaintiff, avers that diagnosis of the spinal disorder requires the expertise of a Rheumatologist, and orthopedics surgeon, and or a spine specialist. Moreover, a thorough factual investigation will reveal the numerous complaints requesting pain medication, and proper diagnosis.

36. Plaintiff, avers that his medical history will reveal the complaints, and medicals failure to assess the specific complaint, and or diagnose issues.

37. Plaintiff, has established Pennsylvania Tort liability against defendant Mace-leibson for discontinuing clinically prescribed pain medication without an established medical reasoning thus causing Plaintiff severe, debilitating pain an potential detaerion of spinal joints, it's proper function. Defendant Mace-leibson is also liable under tort law for failure to properly test, diagnose, and treat Plaintiff's escalating spinal deteriorating.

38. Plaintiff, has established Pennsylvania Tort liability against defendant ~~████-████~~ M. Swoboski as medical provider for the direct agreement in discontinuing clinically prescribed pain medication without an established medical reasoning thus

causing plaintiff severe, debilitating pain and potential deterioration of spinal joints, its proper function. Defendant M. Swoboski is also liable under Tort law for failure to properly test, diagnose, and treat plaintiff's escalating spinal deterioration.

39. Plaintiff, Alleges defendant unknown medical director is liable under the 8th amendment of U.S. Constitution, and Tort Claims Act because he know that the polices, practices, and omissions violates plaintiff Rights Resulting in physical, legal, and emotional Injury.

40. Plaintiff, Alleges that defendant unknown medical Regional director is liable under the 8th amendment of U.S. Constitution and Tort claims Act because he know that the polices, practices, and omissions violates plaintiff Rights Resulting in physical, legal, and emotional injury.

## Claims For Releaf

41. The Actions of defendant Mace-leibson in subjecting Petitioner to deliberate indifference in Assessing medical claims violates the 8th amendment of the U.S. Constitution, and seperately violates Pennsylvania Tort claims Act law.

42. The Actions of defendant M. Swoboski in subjecting Petitioner to deliberate indifference in Assessing medical claims violates the 8th amendment of the U.S. Constitution, and seperately violates Pennsylvania Tort Claims Act law.

43. The actions of defendant unknown medical director's polices, practices, and omissions violates Petitioner's 8th amendment right to be free from cruel, and unusual punishment, and seperately violates the Pennsylvania Tort Claim Act when defendant has knowledge of the depreivation.

44. The actions of defendant unknown medical regional director's polices, practices, and omissions violates Petitioner's 8th amendment right to be free from cruel, and unusual punishment, and seperately violates the Pennsylvania Tort Claim Act when defendant has knowledge of the depreivation.

## Relief Requested

1. Issue a declaratory judgment stating that:
   The deliberate indifference, and tort law injury violates Plaintiff's constitutional, and statutory tort law rights seperately.

2. Issue an injunction ordering defendants Macc-Leibson, M. Swoboski, unknown medical director, and unknown Regional medical director to: Immediately have Plaintiff examined by a spinal specialist for examination, diagnosis, and treatment.

3. Award Compensatory Damages:
   Award compensatory in excess of the minimum amount required to trigger courts jurisdiction.

4. Award Punitive Damages:
   Award Punitive damages in excess of the minimum amount required to Trigger Jurisdiction.

5. Award sum certain under Tort claim Act:
   Award Three hundred Eighty Five Thousand dollars.

6. Grant A Jury Trial.
   Grant A Jury trial on All issues triable by Jury.

7. Grant such other Relief As it may Appear that Plaintiff is entitled.

8. Grant An order defendants pay All of Plaintiff Fee's, And expenses.

   I do solemnly swear pursuant to the penalty of Perjury that the Above statements Are Accurate, And true to the best of my knowledge, And Ability, 28 U.S.C. 1746.

   Executed At: F.C.I Schuylkill, Pennsylvania

   Respectfully submitted
   garry murphy
   #33909-037
   F.C.I Schuylkill
   P.O. Box 759
   Minersville, PA 17954

Date: August 3rd 2020

Mr. James E. Murphy
#33909-037
P.O. Box 759
Federal Correctional
Institution
Minersville, PA 17954

7017 2620 0001 1640 2126

U.S. POSTAGE PAID
FCM LG ENV
MINERSVILLE, PA
17954
AUG 04, 20
AMOUNT
$0.00
R2305K141057-10

RECEIVED
HARRISBURG, PA
AUG 06 2020
PER _____ DEPUTY CLERK

Office of The Clerk of Court
United States District Court
Middle District Pennsylvania
228 Walnut St.
Harrisburg, PA 17108

Legal mail